IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV102

| | | |
|---|---|---|
| LIGNA ACQUISITIONS GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| 211 INVESTMENTS, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| 211 INVESTMENTS, LP, et al., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARIO GUESS, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Third-Party Defendant THP Escrow Services Corporation's ("THP") Motion for Partial Judgment on the Pleadings as to Third-Party Plaintiffs' Sixth Claim for Relief pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Sixth Claim for Relief alleges violations of the North Carolina Racketeer Influenced and Corrupt Organizations Act ("RICO") against THP and all other Third-Party Defendants.

Third-Party Plaintiffs are a group of business entities that allege they were duped into wiring a total of $637,500.00 to escrow companies in reliance upon false promises that Plaintiff Ligna Acquisition Group, LLC ("Ligna") would loan them two hundred and sixty million dollars

to fund an ongoing real estate project in Texas. (Verified Counterclaim and Third-Party Complaint, ¶ 1). After receiving a portion of the wired funds, THP allegedly distributed Third-Party Plaintiffs' money to or for the benefit of Third-Party Defendants Mario Guess ("Guess") and Ligna without the knowledge or permission of the Third-Party Plaintiffs and in violation of THP's fiduciary duties to the Third-Party Plaintiffs.

The Verified Counterclaim and Third-Party Complaint includes claims for breach of contract, breach of fiduciary duty, fraud, unfair and deceptive trade practices, RICO violations, civil conspiracy, and constructive trust. THP argues that the RICO Act cannot, as a matter of law, apply to the facts as pled in the Counterclaim and Third-Party Complaint. THP's Rule 12(c) motion for judgment on the pleadings is subject to the same standards as a 12(b)(6) motion to dismiss for failure to state a claim. Burbach Broadcasting Co. v. Elins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accordingly, the court may only grant the motion if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations in the Complaint. Teachers Retirement System v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007).

The North Carolina RICO Act proscribes, in pertinent part, certain activities, deemed "racketeering activities," that "would be chargeable by indictment if such act or acts were accompanied by the necessary mens rea or criminal intent" under North Carolina's criminal laws. N.C.Gen.Stat. § 75D-3. While the RICO Act does provide for a private right of action, there are significant restrictions upon the right of a private party to bring a cause of action under RICO. One of those restrictions is that at least one act of racketeering activity be an act of racketeering activity *other than* an act that is indictable under the federal mail or wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. See N.C.Gen.Stat.§ 75D-8(c). In other words, in order for the Third-Party

Plaintiffs to have a private right of action for an alleged RICO violation, they must plead a predicate act that is not indictable under wire or mail fraud statutes.

THP argues that the Third-Party Plaintiffs' allegations of the alleged scheme to defraud involved numerous transmissions by Internet, electronic mail, and that the funds it paid were paid by wire transfer. Accordingly, the offenses identified in the Counterclaim and Third-Party Complaint would certainly be acts that are indictable under either the mail or wire fraud statutes.

However, construing the allegations in the Counterclaim and Third-Party Complaint in the light most favorable to Third-party Plaintiffs, the court cannot conclude that Third-Party Plaintiffs are unable to make out a claim under the N.C. RICO Act. Accordingly, judgment on the pleadings is not appropriate.

IT IS THEREFORE ORDERED that THP's Motion for Partial Judgment on the Pleadings is hereby DENIED.

Signed: October 14, 2008

Graham C. Mullen
United States District Judge